ORIGINAL

# In the United States Court of Federal Claims

No. 15-172C

(Filed: August 3, 2015)

**(NOT TO BE PUBLISHED)**

FILED
AUG - 3 2015
U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

KEITH L. SLOAN,

    Plaintiff,

v.

UNITED STATES,

    Defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

  Keith L. Sloan, *pro se*, LaGrange, Kentucky.

  Christopher J. Carney, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With him on the brief were Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Civil Division, Robert E. Kirschman, Jr., Director, and Claudia Burke, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C. Also with him on the brief was Major Brian W. Song, United States Army, United States Army Legal Services Agency, Fort Belvoir, Virginia.

**OPINION AND ORDER**

LETTOW, Judge.

  Plaintiff, Keith L. Sloan, seeks a change in his uncharacterized discharge from the Army National Guard to a medical discharge. *See* Compl. at 3; *see also* Def.'s Mot. to Dismiss Compl. ("Def.'s Mot.") at 3, ECF No. 12.[1] A change in his status would allow Mr. Sloan to receive

---

[1] Contemporaneously with his complaint, Mr. Sloan submitted an application to proceed *in forma pauperis*. *See* Mot. to Proceed *in forma pauperis*, ECF No. 2. Mr. Sloan is currently incarcerated, and pursuant to 28 U.S.C. § 1915(a)(2), he indicated on his application that his trust fund account shows a balance of $1,370.00. *Id.* In the circumstances, 28 U.S.C. § 1915(b) specifies the amount of the filing fee that Mr. Sloan is obliged to pay. The application to proceed *in forma pauperis* will consequently be granted, subject to Mr. Sloan's payment of the requisite filing fee in installments. *See* 28 U.S.C. § 1915(b)(1)-(2).

medical disability retirement and a rank of private E-2 rather than E-1. Compl. at 8; *see also* Def.'s Mot. at 3. Pending before the court is the government's motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC"). Def.'s Mot. at 1.

## BACKGROUND[2]

Mr. Sloan enlisted in the Kentucky National Guard in September 1987. Compl. at 2; *see also* Def.'s Mot. at 2. On November 9, 1987, he began initial active duty training at Fort Jackson, South Carolina, and he injured his right knee during training on December 2, 1987. Compl. at 2. Following discovery of a vertical fracture of the right patella on December 9, 1987, Mr. Sloan's right leg was placed in a cast on December 14, 1987. Compl. A4-5 (Medical Record and Narrative Summary (Jan. 6, 1988)). The cast was removed on January 4, 1988. Compl. A5.

Mr. Sloan was separated from the Army on January 29, 1988, under Army Regulation ("AR") 635-200, Chapter 5, ¶ 5-13 (Personality Disorder). *See* Def.'s Mot. at 2 (citing A32 (Memorandum Announcing Acting Commander's Approval of Mr. Sloan's Uncharacterized Discharge (Jan. 29, 1988))). He was discharged from the Kentucky National Guard on February 3, 1988, with an uncharacterized discharge. *Id.* (citing A31 (Orders from Department of Military Affairs for Boone National Guard Center, Frankfort, Kentucky (Feb. 24, 1988))). On May 18, 2009, seeking to change his uncharacterized discharge to a medical discharge, Mr. Sloan filed an application with the Army Discharge Review Board. A28 (Application for the Review of Discharge from the Armed Forces of the United States (May 18, 2009)). The Army Discharge Review Board informed him on June 24, 2009 that it did not have the authority to grant relief on a discharge that exceeded 15 years from the date of separation but that the Army Board for Correction of Military Records ("Army Correction Board" or "Correction Board") might be able to provide relief. A27 (Letter from Walter Avery, Chief, Case Management Division, Army Review Boards Agency, Department of the Army, to Sloane (June 24, 2009)).

---

[2]Although documents related to Mr. Sloan's service in the Kentucky National Guard are appended to Mr. Sloan's complaint, the documents are neither labeled nor paginated. The government has included many of those documents in a compilation attached to its motion to dismiss. The government's appendix in effect serves as a record of Mr. Sloan's brief military career and his subsequent applications seeking relief from the Army Discharge Review Board and the Army Board for Correction of Military Records. Because that compilation of records is not certified, it cannot serve as an administrative record within the meaning of RCFC 52.1. *See* RCFC 52.1(a). Nonetheless it will be considered by the court in connection with the government's motion to dismiss on jurisdictional grounds. *See Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1584 (Fed. Cir. 1993) ("In establishing the predicate jurisdictional facts, a court is not restricted to the face of the pleadings, but may review evidence extrinsic to the pleadings, including affidavits and deposition testimony.") (citing *Land v. Dollar*, 330 U.S. 731, 735 n.4 (1947); *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed. Cir. 1988); *Indium Corp. of Am. v. Semi-Alloys, Inc.*, 781 F.2d 879, 883-84 (Fed. Cir. 1985)).

    The court will cite the compilation of records appended to the government's motion to dismiss as "A__," and the records appended to Mr. Sloan's complaint as "Compl. A. __."

Persisting in seeking to change his uncharacterized discharge to a medical discharge, Mr. Sloan applied to the Army Correction Board on June 30, 2009. A26 (Application for Correction of Military Record (June 30, 2009)). The Correction Board responded on November 24, 2009, informing Mr. Sloan that "[i]n order for the A[rmy Correction Board] to consider [his] application, [he] need[s] to provide a copy of [his] DD Form 214 (Certificate of Release or Discharge from Active Duty)." A25 (Letter from Avery to Sloan (Nov. 24, 2009)). The Correction Board advised that Mr. Sloan's case was "administratively closed" since it "[did] not provide sufficient evidence to support [his] request;" however, the Board specified that "[a]dministratively closing [a] case *does not mean that [the] application has been denied* or that [Mr. Sloan] may not file again," and Mr. Sloan could "reapply at any time if [he] can submit a copy of [his] DD Form 214." *Id.* (emphasis added). Mr. Sloan replied on January 4, 2010 and enclosed a letter from the Department of Veterans Affairs in Kentucky stating that they did not have a DD Form 214 on file for him. A23 (Letter from Sloan to Avery (Jan. 4, 2010)), enclosing A24 (Letter from Department of Veterans Affairs to Sloan (Sept. 2, 2008)).

On May 6, 2014, Mr. Sloan resubmitted his application to the Army Correction Board, again requesting that his "uncharacterized discharge[] be change[d] to a 'medical disability retirement discharge with pay' with a promotion to private/E-2 for right knee injury in the line of duty." A3 (Application for Correction of Military Record (May 6, 2014)). The Board responded on December 5, 2014, stating that "[i]n reviewing [Mr. Sloan's] records, [they] found no evidence that [he] first appealed the characterization of [his] service to Kentucky State Adjutant General before [he] applied to the A[rmy Correction Board] in accordance with Army Regulation (AR) 15-185, Army Board for Correction of Military Records and AR 635-8, Separation Processing and Documents." A2 (Letter from Mr. Alejandro L. Champin, Chief, Case Management Division, Army Review Boards Agency, Department of the Army, to Sloan (Dec. 5, 2014)). This letter indicated that Mr. Sloan's application to the Correction Board was filed "without action and without prejudice" and said that if Mr. Sloan received a denial from the Kentucky State Adjutant General's office that he believed was an error or caused injustice, he might submit a new application to the Board. *Id.*

Mr. Sloan's complaint was filed in the Court of Federal Claims on February 23, 2015. A copy of his complaint was sent to the Army Correction Board. Def.'s Mot. at 4. The Board responded via letter on March 5, 2015, "again informing Mr. Sloan that he did not provide sufficient documentation, including medical records, for the A[rmy Correction Board] to consider his application." *Id.* (citing A1 (Letter from Champin to Sloan (March 5, 2015))). The Board again indicated that the application was being "administratively closed . . . without action and without prejudice[, which] d[id] not constitute a Board decision[,] and [Mr. Sloan] ha[d] the right to reapply." A1.

## PROCEDURAL POSTURE

At this juncture, Mr. Sloan requests a ruling that he was a "federal[ly] paid employee during training at Fort Jackson and was injure[d] in the line of duty" such that he is entitled to "disability retirement with pay" under 10 U.S.C. § 1201(a). Compl. at 3; *see also* Def.'s Mot. at 4. Mr. Sloan avers that "the A[rmy Correction Board] [is] refusing to hear [his] claim . . . in violation of 10 U.S.C. § 1552(a)." Compl. at 7. Mr. Sloan also asserts that "the A[rmy

Correction Board] is trying to mislead [him] in [requiring] filing [of his] claim with Kentucky State Adjutant General Office . . . because Kentucky has no jurisdiction . . . in [his] case[ since he] was a federal[ly] paid employee during training." Compl. at 7.

## STANDARD FOR DECISION

Before addressing the merits, the "court must satisfy itself that it has jurisdiction to hear and decide a case." *Hardie v. United States*, 367 F.3d 1288, 1290 (Fed. Cir. 2004) (internal quotation marks omitted) (quoting *PIN/NIP, Inc. v. Platte Chem. Co.*, 304 F.3d 1235, 1241 (Fed. Cir. 2002)). When assessing a motion to dismiss under RCFC 12(b)(1) for lack of subject matter jurisdiction, the court will "normally consider the facts alleged in the complaint to be true and correct." *Reynolds*, 846 F.2d at 747 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Air Prods. and Chems., Inc. v. Reichold Chems., Inc.*, 755 F.2d 1559, 1562 n.4 (Fed. Cir. 1984)). The plaintiff bears the burden of "alleg[ing] in his pleading the facts essential to show [subject matter] jurisdiction" by a preponderance of the evidence. *McNutt v. General Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936); *see also M. Maropakis Carpentry, Inc. v. United States*, 609 F.3d 1323, 1327 (Fed. Cir. 2010); *Reynolds*, 846 F.2d at 748.

Mr. Sloan invokes the Tucker Act, which grants this court "jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). Although the Tucker Act waives sovereign immunity, enabling a claimant to sue the United States for monetary damages, *United States v. Mitchell*, 463 U.S. 206, 212 (1983), it does not itself provide a substantive right to monetary relief against the United States, *United States v. Testan*, 424 U.S. 392, 398 (1976); *see also Martinez v. United States*, 333 F.3d 1295, 1302-03 (Fed. Cir. 2003) (en banc). Rather "[a] substantive right must be found in some other source of law." *Mitchell*, 463 U.S. at 216. To fulfill the jurisdictional requirements of the Tucker Act, a plaintiff must establish an independent right to monetary damages by identifying a substantive source of law that mandates payment from the United States for the injury suffered. *See Testan*, 424 U.S. at 400; *see also Ferreiro v. United States*, 501 F.3d 1349, 1351-52 (Fed. Cir. 2007) (citing *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part)).

## ANALYSIS

Mr. Sloan correctly asserts that "[a] servicemember can . . . file a proper Tucker Act claim for 'entitlement to military disability pay under 10 U.S.C. § 1201,'" *Fulbright v. United States*, 97 Fed. Cl. 221, 228 (2011), *aff'd*, 480 Fed. Appx. 998 (Fed. Cir. 2012) (quoting *Chambers v. United States*, 417 F.3d 1218, 1223 (Fed. Cir. 2005)).[3] "[C]laims for disability

---

[3]"The [cited statute] grants the Secretary authority to retire a disabled servicemember who 'is unfit to perform the duties of the member's office, grade, rank[,] or rating because of physical disability incurred while entitled to basic pay.'" *Fulbright*, 97 Fed. Cl. at 228 (quoting 10 U.S.C. § 1201(a)).

4

retirement accrue when the appropriate military board *denies or refuses to hear the claim.*" *Id.* (emphasis added) (citing *Chambers*, 417 F.3d at 1224); *see also Friedman v. United States*, 310 F.2d 381, 392 (Ct. Cl. 1962).

The government nonetheless maintains that Mr. Sloan's suit is premature. Def.'s Mot. at 6-10. It contends that "[w]hen a service member is released from service without a [physical examination] board hearing and subsequently files a claim for disability retirement before a military correction board, '[t]he Correction Board becomes the first proper board to act (or to be asked to act) on the matter, and the claim does not ripen until that Board's action is final.'" *Id.* at 7 (quoting *Friedman*, 310 F.2d at 392). As the government would have it, "without a board decision, this [c]ourt does not possess jurisdiction and should dismiss the [c]omplaint." *Id.* at 8.

Mr. Sloan endeavors to avoid this result by asserting that the Army Correction Board is refusing to act on his application. Compl. at 7. The Board's actions on his claim were not so categorical as Mr. Sloan avers, however. The Board has repeatedly informed Mr. Sloan that his "application . . . does not provide sufficient evidence to support [his] request." A25; *see also* A1. By stating that Mr. Sloan's applications were "administratively closed," *see e.g.*, A1, which was done "without action and *without prejudice*," *id.* (emphasis added), the Army Correction Board has indicated a willingness to consider Mr. Sloan's claim if submitted with "sufficient evidence . . . to make a fair, impartial and equitable determination on [his] application,"A25.

Mr. Sloan also contends that the Army Correction Board has refused to act by "trying to force [him] to file a (bogus claim) with Kentucky Adjutant General." Compl. at 9. The Board has indeed indicated that Mr. Sloan must first appeal the characterization of his service "to the appropriate state Adjutant General[]" as a mandatory step prior to seeking relief from the Army Correction Board. A2.[4] The Board's direction that Mr. Sloan seek relief from the Kentucky

---

[4]The pertinent regulations include National Guard Regulation ("NGR") 600-200, which provides in pertinent part:

Soldiers administratively discharged from the ARNG [Army National Guard] and, if applicable, the Reserve of the Army, or discharged by sentence of a special court-martial, may petition for a change to discharge. *The appeal petition may address that portion of the discharge concerning the State ARNG* discharge. AGs [Adjutant Generals] may grant or deny the appeal. This authority will not be delegated. Changes to the Reserve of the Army portion of a discharge must be submitted to the Army Discharge Review Board. Soldiers may request a change to the reason for their discharges, to upgrade the characterization of service received, or both. See AR 15-185.

NGR 600-200 ¶ 6-23 (emphasis added). AR 15-185 governs proceedings before the Army Board for Correction of Military Records. It provides that applications to the Board may be made by

[members of] the Active Army, the Army National Guard/Army National Guard of the United States, and the U.S. Army Reserve unless otherwise stated. Also, it

5

Adjutant General prior to processing his application does not necessarily constitute a refusal to act. Rather as the government advises, "this [direction] only applies to 'that portion of the discharge concerning the State ARNG discharge.'" Def.'s Mot. at 9 (quoting NGR 600-200 ¶ 6-23).

At this juncture, Mr. Sloan has two options. He can apply to the Kentucky Adjutant General for a change to his administrative discharge from the Kentucky National Guard, as provided in NGR 600-200 ¶ 6-23. Alternatively, he may renew his application to the Army Correction Board respecting the federal portion of his discharge, while providing pertinent medical records. In this latter respect, the government represents that:

> [t]o the extent that Mr. Sloan seeks to only change his discharge as a Reserve of the Army, the A[rmy Correction Board] can address the [f]ederal portion of his discharge without awaiting a decision from the Kentucky State Adjutant General. In fact, the latest letter from the A[rmy Correction Board] to Mr. Sloan – sent in response to his submission of the complaint he filed in this [c]ourt to the [B]oard – expressed a need for his medical records to process his application, and did not mention needing anything from the [S]tate. *See* A1. Mr. Sloan can clarify that he is only seeking a change to his [f]ederal discharge when he reapplies. In any event, the [B]oard's request that he seek relief from the [Kentucky] [S]tate [A]djutant [G]eneral before processing his application does not constitute a refusal to act, but at most confusion as to the nature of the relief Mr. Sloan was requesting.

Def.'s Mot. at 9.

In the circumstances presented, because the Army Correction Board has neither denied nor refused to hear Mr. Sloan's application, this court does not have jurisdiction over his complaint. As *Chambers* held, "without [final action by the Correction Board on a claim for retirement for physical disability], the case in this court would be dismissed as premature on the ground that the plaintiff did not seek or obtain a final decision within the administrative hierarchy." 417 F.2d at 1225.

## CONCLUSION

For the reasons stated, the government's motion to dismiss is GRANTED, and Mr. Sloan's complaint is dismissed pursuant to RCFC 12(b)(1) for lack of subject matter jurisdiction. The dismissal is without prejudice, and Mr. Sloan may pursue applications for relief

---

> applies to former soldiers of these organizations . . . who are affected by a military record.

AR 15-185 (preambular page). AR 635-8 pertains to Separation Processing and Documents and applies to the Army National Guard as well as the Active Army and Army Reserve. *See* AR 635-8 (preambular page).

before the Army Correction Board or the Kentucky Adjutant General, or both, and, if dissatisfied with the result, may again seek redress in this court. If Mr. Sloan should eventually refile his claim in this court, the filing fee shall be waived, so long as Mr. Sloan has made the appropriate installment payments on the filing fee that is currently due for this case. The clerk shall enter judgment in accord with this disposition.

Mr. Sloan's request to proceed *in forma pauperis* is GRANTED.[5]

No costs.

It is so **ORDERED**.

Charles F. Lettow
Judge

---

[5] Pursuant to 28 U.S.C. § 1915(b)(2), the clerk shall assess, and Mr. Sloan shall make, "monthly payments of 20 percent of the preceding month's income credited to the prisoner's account" over $10, until the filing fee has been paid.